STATE OF NEW YORK et al., Respondents, v. OLE OLSEN, LTD., et al., Appellants, et al., Defendants.— In this action to abate a public nuisance, defendants Ole Olsen, Ltd. and its president, Richard Grusmark, appeal from an order of the Supreme Court, Westchester County, dated June 8, 1971, which denied their motion to dismiss the amended complaint as failing to state facts sufficient to constitute a cause of action. Order affirmed, with $20 costs and disbursements. Prior to the institution of this action, (a) appellants had built a number of summer homes in Calicoon, New York, adjacent to Sand Pond, (b) the sewage disposal systems which appellants had installed

as a necessary adjunct to the use of said homes were improper and inadequate, in that, when they were used for the purpose for which they had been installed, Sand Pond and the entire area surrounding said properties which appellants had built became polluted and contaminated, (c) the properties had been sold by appellants to the other defendants who were required to use them with the unsafe and inadequate sewage systems and they complained to appellants about said defective sewage disposal system and (d) the Attorney-General on behalf of the State of New York and the People of the State of New York demanded that appellants remedy the public nuisance which they had created, but appellants have refused to comply with the demand. Accordingly, this action was instituted by the Attorney-General on behalf of the State of New York and the People of the State of New York to compel appellants to abate the nuisance which they had created. Appellants do not question the authority of the Attorney-General to institute an action to abate a public nuisance. However, they contend the complaint is legally insufficient because, prior to the institution of the action, they sold these vacation homes to the other defendants, who are using them. Appellants claim their sale of these properties, with the nuisance thereon, has absolved them from any liability for the creation of the nuisance or the necessary continuance thereof by the other defendants as the purchasers. They further contend that they cannot be directed to remedy the unsanitary, dangerous condition they created because, with the sale of the homes, control thereof passed to the purchasers; and that they cannot be held liable for damages in this action because the amended complaint alleges plaintiffs have no adequate remedy at law. In our opinion, appellants' contentions are untenable. Section 841 of the Real Property Actions and Proceedings Law specifically authorizes the prosecution of an action against both the creator of a nuisance on real property and his grantee to abate the nuisance and for damages resultant therefrom. (To the same effect, see *Wilks* v. *New York Tel. Co.*, 243 N. Y. 351, 362; *Di Sabato* v. *Soffes*, 9 A D 2d 297; *Wenzel* v. *Duncan*, 32 N. Y. S. 2d 223, 224; 2 Restatement, Torts, 2d § 443.) Moreover, in an equity action, the court may mold the relief to be granted to the exigencies of the case as they exist at the close of the trial, with reference to the facts, the law and the equities then existing (*Matter of Galewitz*, 3 A D 2d 280, 295, affd. 5 N Y 2d 721; *Lightfoot* v. *Davis*, 198 N. Y. 261, 273). At bar, in our view, it is a reasonable assumption that if the trial court, at the close of the trial, shall have determined that appellants created a dangerous and unhealthy condition constituting a nuisance and that they should abate same, the other defendants (innocent purchasers of the properties and sufferers from the nuisance) will, at the court's direction, permit appellants to enter into the homes in question in order that the defective sewage disposal condition will be remedied by appellants. In any event, since the purchasers are parties defendant to this action they could be compelled to cooperate with the abatement of the nuisance. Further, if at the close of the trial it should appear that the only remedy that appropriately might be decreed against appellants is a damage award, such award may be made (*Lightfoot* v. *Davis*, 198 N. Y. 261, 273, *supra*). Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.